Good morning. May it please the Court. The main issue presented in this appeal is whether the District Court violated Federal Rule of Evidence 106 by excluding Mr. Ali's completing statements based solely on hearsay. These statements were relevant to the issue of guilt and necessary to clarify and explain admitted portions of his interview with law enforcement. Without the admission of Mr. Ali's completing statements, the government was able to mischaracterize the admitted portions of his interview as a confession and paint Mr. Ali as a liar and a money launderer, bolstering its otherwise insufficient evidence of guilt. This is precisely the sort of distortion that Rule 106 is designed to prevent. As a preliminary matter, the District Court in this case did not make the necessary factual findings concerning whether or not the excluded statements met the fairness standard of Rule 106, and so this Court is unable to conduct a meaningful review. Because of that, the most equitable result in this case would be for this Court to remand for the District Court to make findings in the first instance. The amendment to Rule 106, which applies in this case as it was passed in December, it went into effect on December 1st, 2020... Most of the requested excerpts were going to be excluded as hearsay, but also considered whether they could be admitted under Rule 106 and determined that several statements offered by the prosecution needed to be edited to provide additional context and ordered the prosecution to introduce additional testimony from before or after those excerpts. Yes, Your Honor, there were two... So it's clear the District Court did the right analysis. Well, as to those statements, Your Honor, but as to the excluded statements that were excluded and never admitted, the Court based its ruling solely on the fact that it was self-serving hearsay, which was the argument that the government had made to have those statements excluded under Willis and Cunningham, both of which are outdated laws as they apply to Rule 106 in a Rule 106 context because of the amendment that was passed on December 1st, 2023, which explicitly authorizes a District Court to admit exculpatory statements over the objection of the government for hearsay. Specifically, in this case, the statements that were excluded clarify and explain the admitted portions of Mr. Ali's interview with law enforcement. When the government published the admitted statements to the jury, it tailored the agent's testimony to create the misimpression that Mr. Ali was a liar. I have a specific example for the court of this. This would be in the statement admitted as Exhibit 5A. The agent asked Mr. Ali why he wanted an SBA loan and what he did with the loan money. Mr. Ali responded that he wanted to open a trucking business and he purchased two trucks with that money. Immediately after Exhibit 5A was published to the jury, the government asked the agent whether, in the course of your investigation, did you check to see if Mr. Ali registered any trucks in Florida in 2020 and 2021. The agent testified that he quote, determined there were no vehicles registered under Mr. Ali's name or his business. But Mr. Ali never said that the trucks were in Florida. Mr. Ali, most importantly, in the excluded statements indicated to the agent that the trucks were located and registered outside of the state of Florida, namely in Tennessee and Maryland. In addition, he indicated that the trucks were leased to Brae Freight, that he was losing money in the trucking business, and that he was planning to sell the trucks to pay back the SBA loan. These statements correct the misimpression that Mr. Ali is a liar and a money launderer. The government relied on this misimpression during its closing to bolster the otherwise insufficient evidence of a conspiracy. In fact, when the trial began... When I look at the record, though, it doesn't appear that the Defense Counsel had highlighted that excerpt about registering the truck in Tennessee. Your Honor, you're absolutely correct. That particular statement about registration. However, the statements regarding the location of the trucks that they were in Tennessee and Maryland were highlighted by Defense Counsel. And had those statements been admitted, then Defense Counsel would have been able to cross-examine the agent on whether or not he checked to see if any of the trucks existed in the states of Tennessee or Maryland, and it would have opened the door to the question of whether or not the trucks were registered in Tennessee, Your Honor. Yeah, you know, when the agent testified he didn't find any trucks registered in Florida. All he really was testifying about was what he had done in his investigation, right? Not the contents of his interview. Well, the inference from that statement, Your Honor, is that there were no trucks. That there were no trucks that were purchased or registered, period. Because of the fact that Defense Counsel was limited to cross-examining the agent based on the scope of the admitted statements. Let's say it had been admitted, okay? Wouldn't it have provided evidence of his guilt because he couldn't use those loan funds for new business ventures, could he? Well, Your Honor, that would be a question for the jury. In a... Well, I mean, if we're evaluating the harm, the prejudice here, isn't that true? Not necessarily, Your Honor. It's a question that would have been in front of the jury in a trial that was primarily about whether Mr. Allen... Is there any dispute about whether he could have used the loan funds for new business ventures? Well, the question is did he that he could not use the loan funds for new business ventures? Because he was advised by his tax advisor, Ms. Sostra, that according to his statements, and there was no evidence to the contrary, that he believed that he was number one, eligible to receive the SBA loan money, and number two, that those funds would be able to be used on a legitimate business venture. So that goes directly to his knowledge and his intent and should have been put in front of the jury. In addition, the evidence was also insufficient to prove that Mr. Ali knowingly and voluntarily agreed to participate in a conspiracy to commit wire fraud. At most, the evidence showed that Ms. Sostra agreed to help Mr. Ali apply for the SBA funds in her capacity as his tax advisor and accountant. What I was going to say earlier, Your Honors, is that to me, this is clearly demonstrated by the fact that at the opening, when the trial began, the government made it clear to the jury that Mr. Ali engaged in a conspiracy to defraud the SBA with his co-conspirator, Ms. Sostra. By the end of the trial, at closing, the government argued that Mr. Ali conspired to commit money laundering with Benjamin Mark. So to me, that is a clear indication that the government, in fact, knew by the end of the trial that the evidence was insufficient to support their conspiracy charge. So what do we do with our case law? You know, I'm sure you're familiar with our case law that says if the defendant testifies that that evidence, that his testimony, if disbelieved, can be taken as substantive evidence of his guilt. But we've also said that in connection with interviews. Yes, Your Honor. And if that's the case, Your Honor, then there is no corroborating evidence, first of all, that was presented of Mr. Ali's guilt by the government. So, for example, we had no statements from any co-conspirators, we had no text messages, we had no emails, we had no indication that Mr. Ali actually, in fact, had knowledge of the fraud. Well, he profited from it and did not pay back the loan. Well, he profited from it by putting it into his business to buy trucks, is what the evidence shows, and that he did not repay the loan because he was losing money in his business venture and he was planning on selling those trucks to repay the loan. I see that my time is about up and I thank you very much. Thank you, Ms. Fitz. You've saved us time for rebuttal, Ms. Roberts. May it please the Court, Tori Roberts on behalf of the United States. I'd like to pick up with the Rule 106 issue in particular regarding the question of whether the court conducted the right analysis below and to understand that, I think you need to look at the context of the way this issue was litigated before the district court. So, the government raised this issue and said the default rule under Willis and Cunningham is that a defendant cannot introduce his own self-serving exculpatory hearsay statements and not subject himself to cross-examination. And the government acknowledged Rule 106 and said we've showed our transcript excerpts to the defendant. They have not identified areas where it's misleading or where additional lines need to be included. District court disagreed with that. Yes, and that was, and then I think that shows that the district court understood that for maybe specific lines that were related to the government's excerpts, that's where Rule 106 came into play. But what the defendant argued in response to the government's motion in Lemonet was that the entirety of the interviews were admissible and that the government was opening the door by introducing portions of them. And in response to that, that's where the district court said, I understand the rule of completeness, but I'm not sure it governs the circumstances here because the defendant was trying to argue that the entirety of the interviews should come in. And that's again where the district court said, I need you to give me specifics. What specific excerpts do you want? What specific lines do you need? And then the district court said in a later hearing said that the district court had reviewed the transcripts and the excerpts that were identified by the defendant, had for two of the excerpts that the government wanted to introduce said we need some additional lines here so we make sure that it's complete, but that the remainder were just self-serving hearsay. And I think I'd like to address Mr. Ali's point about whether Cunningham and Willis remain good law. And I'd point this court to the 2024 decision in Macrina where the court recognized that Willis and Cunningham, that line of cases, it's just about the default rule. It's not about Rule 106. Neither one of those cases reference Rule 106. There's obviously often overlap because the default rule that a overlaps with Rule 106, but that does not mean that anything about the Rule 106 amendment in 2023 changed that default rule. I'd also like to touch on the specific excerpts that my friend on the other side referenced regarding the registration of the trucks in Tennessee. And as Chief Judge Pryor pointed out, that request was not made below. That excerpt was not identified. And this court has said that it's the burden is on the defendant to identify with particularity the specific lines that they want included under Rule 106. Counsel, are you arguing two points here? One is the testimony couldn't come in because it would be hearsay and that's the Willis argument. And the other is that a completeness didn't requirement. Are you contending that the prosecutor was, that's what the prosecutor was telling the judge? Yes. Two points. You can't come in because it's hearsay. Yes, that's right. And I think that's clear if you look at both the government's motion in Lemonet and then the discussion at the hearing on the motion in Lemonet. I got the impression that the prosecutor didn't know a thing about completeness without hearsay. In other words, hearsay was the heart of it. So I think hearsay is at the heart of it and that that is the default rule. Everything a defendant says is an admission under the evidence rules. Do you agree with me? Whatever a party says is an admission. Yes, and so the government would have been able to admit it as a statement of a party opponent, but the issue was specifically about the defendant trying to put in his own statements. Oh no, but it's part of what the government had. It's part of a conversation with the government. It's part of the conversation with the government, but under Cunningham... I have a very hard time with the hearsay argument when you're talking about a conversation with a government agent. I think it's still hearsay, Your Honor, and I think I point the court to... It's hearsay because when the defendant is asking that to be introduced, then it's not an admission of a party opponent. At that point, when the defendant is seeking to introduce it, it's self-serving hearsay. That's correct, Your Honor. Without having to subject himself then to cross-examination. Exactly. That's the point that I was going to follow up on. The issue is that he is putting in his out-of-court statements for the truth of the matter asserted without taking the stand and subjecting himself to cross-examination. Just one more point to Shoflat's questions about... Well, may I ask, why is that not instead just to what the defense is arguing? Completion. I mean, they are also introducing comments that he made in his argument is that in order to provide the full context, why not include everything? That's not the standard under Rule 106. Aside from this court's land zone decision, it's about additional material that's relevant and is necessary to qualify, explain, or place into context the portion already introduced. So it's not that it is relevant to the broader interview or relevant to issues of guilt. I think in defendant's reply brief, he refers to the Rule 106 analysis as essentially a relevancy analysis, and that's not quite right. It has to be relevant to the specific portions that the government is introducing and necessary to complete or address any misconception about those specific portions. And here, to just illustrate that, the government didn't introduce any excerpts of the interview discussing what Mr. Ali did with the trucks after he purchased them. So those additional excerpts where he's saying, I've spent $50,000 on repairs, I've leased out the trucks, I still have them, they're in Maryland and Tennessee, all of that postdated the discussion of what the government was introducing. And so it wasn't necessary to include that to correct any misimpression. Well, with the rule, I think as amended, there's an example in the notes where they talk about a gun, I think is the example. And they say, you know, the government can introduce evidence that you purchased the gun, but failure to introduce evidence that you then sold the gun by the time the murder happened creates the misimpression. So why isn't that scenario not what we're dealing with? Because there, the misimpression directly goes to the value of the original statement of, it creates the impression that the individual had the gun at the time of the murder. Here, by contrast, as Chief Judge Pryor pointed out, there's nothing about what happened with the trucks later that is relevant to the defendant's guilt here. Even if he wanted to start a new trucking business, that was not an eligible use of the funds. And so there was no misimpression created by the fact that the government was introducing the discussion about Mr. Ali getting $80,000 from the government to potentially start a new trucking business, because that did not negate the fact that even if he then had purchased these trucks and wanted to sell them to repay the loan, which I will note did not happen, he did not repay the loan, even though he made these statements in 2022. When the loan became due in 2023, he only paid $393. So then the relevance, and I mean, I hear you. I think, again, speaking just for myself, a very strong position. But then what was the relevance of the agent's testimony regarding where the trucks are? I mean, why not just say you purchased the trucks. Yes, I purchased the trucks and be done with it. It seemed like there was a lot of emphasis on where are the trucks. So one clarification on that, it wasn't where are the trucks. It was about if there was a record that he had purchased them. And so what he said is in my investigation, I looked at the state of Florida, and I didn't find any evidence of trucks being purchased. And so that was the difference. It wasn't about where are the trucks now as of 2022 when the interview was happening. It was he told me he purchased these trucks, and specifically he said he purchased them from a specific company called 206 Trucking. And the agent said that was not true. And 206 Trucking, as Mr. Ali had said, was a truck company, was a company in Daytona, Florida. So the agent said in response to him saying he bought them in Florida, I looked for any evidence of trucks being purchased in Florida, and I did not find any. So it's not that he was talking about the trucks now. It was about the specific time when he had said he purchased the trucks. One further point I'd like to clarify on that, the agent's testimony is not subject to Rule 106. Rule 106 is about completing statements that are admitted. And so the fact that the agent said in the course of my investigation, I looked at this and I didn't find any evidence. Rule 106 doesn't require that additional statements come in to rebut the agent's testimony about his own investigation. It would only be if the portions of the interview that were played created a misimpression. How much of the agent's statement itself was hearsay? The agent's statements? So the agent took the stand. There was a lot of hearsay in the agent's statement. I did this and I did this. Somebody told me this. Or something told me this. So I'm telling you what the truth is. So the agent took the stand and so he was subjecting himself to cross-examination? I understand. What I'm saying is the question is whether or not a lot of what he said was hearsay. I don't think so because what he was saying is what he did in his own investigation. He was saying... I understand that, but he's also saying what somebody told him or did not tell him. So he was responding to the... Let me overstate it. He's implying I went to this person and the person told me not so. So I think the hearsay rules would only exclude that if that is the example you provided is what he said was I went to a specific person and they told me this. He instead said I searched the Department of Motor Vehicles business records and didn't find any record of trucks being purchased. So that wasn't a hearsay statement. He didn't find... No one told him Mr. Ali did not register his trucks because that would be a statement that was being introduced to prove the truth of the matter of certainty. Exactly. That would be an example of hearsay. Exactly. So he didn't say, you know, this person told me this. He said, this is what I did in my investigation. I reviewed records and this is what I found. Unless there are further questions on the Rule 106 argument, I'd like to turn briefly to the sufficiency argument. I think pointing out some of the additional corroborating evidence that went along with the defendant's statements here, and I think Chief Judge Pryor touched on this, but Mr. Ali benefited to the tune of over $80,000 from this scheme and then he failed to repay the loan. And both of those can be circumstantial evidence of an intent to defraud. So even though his statements alone would not have been sufficient, it can be considered as substantive evidence of his guilt when combined with those other factors. And then I'd also point out, it's not simply about whether the jury disbelieved his alternative narrative. It's specifically that the jury was told by Special Agent Pryor, not just that, you know, I couldn't verify it. It was that he told me he bought the trucks from a specific company and that was a lie. So the jury also heard that he lied to a federal agent as well. And so I think taken together, certainly there was sufficient evidence that the jury could have made the reasonable inference that he knew the nature of the scheme when he, you know, admitted that he worked with SOS Ray to submit the loan application, he signed the loan documents, he received the funds in his personal bank account, and then he went on to spend them. So I certainly think there was sufficient evidence, with viewing the evidence in the light most favorable to the jury's verdict of the conspiracy count, and that the Rule 106, that the Rule 106 statements, again, even if there was any error here in not admitting some of those, it was harmless because it would not have negated his guilt with respect to the fact that he obtained funds for an improper purpose. If there are no further questions, the government would ask the court to affirm the defendant's judgment of conviction. Are there any further questions? I don't hear any. Okay, thank you. Ms. Roberts, Ms. Fitz, you saved some time. Yes, Your Honor, thank you. I just want to address this idea that the district court conducted the proper analysis under Rule 106. While that may have been true about those two statements that the court decided to expand, there was a blanket exclusion under self-serving hearsay for the remainder of the statements. And the statements that are detailed in our initial brief are the statements that fell under that blanket exclusion of hearsay. I mean, it really comes down to this, right? If we read the record and what the district court said here and the what we have to figure out is did this part of your argument, as I understand it, is did the district court understand that notwithstanding the general rule against the admission of self-serving hearsay, that some portions of the interview would have to be admitted because of the rule of completeness, right? Your Honor, the district court has a responsibility to examine the statements that were requested, all of the statements that were requested to be admitted by the defense and to determine whether each highlighted statement. But here's my problem, okay? So the defense wants to introduce portions of the interview, that is, portions of its client's statements, and the district court understood that at least portions did need to be introduced because of the rule of completeness and actually ordered the government to do it. With regard to only two statements, Your Honor, the remaining statements, specifically these statements about the trucks. That's not based on a misunderstanding of what the rule is. Yes, it is because... The district court understood that some of this has to be introduced because of the rule of completeness, notwithstanding what would ordinarily be the general exclusion of hearsay. Anything that's being ordered to be introduced that is your client's statements, it's your client's own statements are not party-opponent admissions. They are for the is not hearsay because it's admissions by a party opponent. Correct. When you say, when the defense says, well, we want these introduced as well, well, you're not that your client's statements are not admissions of a party opponent that would ordinarily be hearsay, but you're saying it's necessary here because of the rule of completeness. The district court understands that and at least orders portions to be admitted. So it understands what the rule is. It's not under operating, it seems to me, under erroneous assumption of the rule. If you want to talk about how it was applied and whether there were portions that should have been, like, you know, we have the Tennessee issue, which was not highlighted to the district court. But if you want to talk about that application of the rule, that's different from understanding what rule is. When I look at the context, it seems to me the district court clearly understand how the understands how the rule works. The point, your honor, is that the district court in its order and in its oral order and its written order found that those statements were excluded based on the fact that they were hearsay. There was no analysis that was done as far as the as far as the necessary to explain. There was no analysis that was done under Rule 106. And Rule 106, when it was amended, which was in effect at the time that this was litigated, it says expressly that the court cannot use just hearsay to exclude statements. That there has to some sort of analysis that is done. And the court did not do that. It's implicit in how in the context of how I read this record that where the district court is ordering the government to introduce excerpts that it previously did not want to because of the rule of completeness, it understands that some of those are not excludable as hearsay, right? That those two, your honor, but the ones that we're talking about here that allowed the government to... Well, then we're talking about application of the rule, not whether it understood the rule, right? Well, its application of the rule violates the language of the rule itself, the plain language of the rule. Well, I understand you have been arguing hearsay and that relevance was not addressed. But to the other side's point, with respect to the truck, if the evidence you sought to introduce was really just about where are the trucks, why was not that exclusion proper, given that it wasn't about where the trucks are, but whether there were as a purchase? Because the testimony that there was a search for the trucks, whether or not they were registered in the state of Florida, the agent and the government both knew that the trucks were registered in the state of Tennessee. Now, I understand that that particular statement was not highlighted, but what was highlighted by the defense counsel was that the trucks were located in Tennessee. One was in Tennessee and one was in Maryland. And if that statement had been introduced, then defense counsel would have been able to ask the agent, did you look for the trucks in Tennessee? True, but you didn't ask the district court to introduce it. Yes, where the trucks were located, yes, that was a highlighted portion of the transcript, Your Honor. The registration was not, but the location of the trucks was, and that would have opened the door to whether or not the investigation included looking in Tennessee for the trucks. I think we understand your case. Okay, thank you, Your Honors. We would just ask to reverse and remand. Thank you. Thank you. We're going to move on to our third case. Okay. Okay.